In re GULF COAST ORTHOPEDIC
CENTER—Alfred O. Bonati,
M.D., P.A., Debtors.

No. 96–14739–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 29, 2001.

Paul J. Battista, Miami, FL, for debtor.

John K. Olson, Tampa, FL, for trustee.

*ORDER ON DISGORGEMENT MO-
TIONS ADDRESSED TO JOHNSON
BLAKELY, CUMMINGS & LOCK-
WOOD, AND CHERRY, BAEKERT
& HOLLAND AND ORDER ON
VARIOUS RELATED FEE APPLI-
CATIONS AND RELATED MO-
TIONS*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS CASE came on for hearing before
the Court on June 27, 2001, on motions
(the "Disgorgement Motions") filed by the
United States Trustee, certain Malpractice
Claimants, and by Susan K. Woodard, the
chapter 11 trustee (the "Trustee") seeking
the disgorgement of fees paid to the law
firms of Johnson, Blakely, Pope, Bokor,
Ruppel & Burns, P.A. ("Johnson Blakely")
and Cummings & Lockwood, and to the
accounting firm of Cherry, Baekert & Hol-
land LLC ("Cherry Baekert," and together
with Johnson Blakely and Cummings &
Lockwood, the "Professional Firms"); on
fee applications filed by Cummings &
Lockwood and Cherry Baekert; and on
various procedural motions related to the
Disgorgement Motions.

Present at the hearing were Jeffrey W.
Warren, representing Johnson Blakely;
Stephen C. Hunt and Charles M. Tatelb-
aum, representing Cummings & Lock-
wood; R. Paul Childress, Jr., and Daniel J.
Herman representing Cherry Baekert;
Marsha G. Rydberg, Gary W. Roberts, and
Charles H. Dittmar, Jr., representing cer-
tain medical malpractice claimants (the
"Malpractice Claimants"); Donald A.
Workman, representing Gulf Atlantic In-
surance Company; Theresa M. Boatner,
representing the Office of the United
States Trustee; John K. Olson, represent-
ing the Trustee; Jerry M. Markowitz, rep-
resenting Dr. and Mrs. Alfred O. Bonati;
and Michael P. Horan, representing Medi-
cal Development Corporation of Pasco

County and certain related entities (collectively, the "Non–Debtor Affiliates", and together with Dr. and Mrs. Bonati, the "Bonati Group").

The Disgorgement Actions were set for final evidentiary hearing pursuant to the Court's Orders entered on May 9, 2001, with respect to Johnson Blakely and Cummings & Lockwood, and on May 25, 2001, with respect to Cherry Baekert.

The Professional Firms have been or seek to be paid the following amounts:

| Firm | Fees awarded and paid | Outstanding fees [1] |
|---|---|---|
| Johnsor Blakely | $192,737 | $55,500 |
| Cummings & Lockwood | $77,700 | $87,317 |
| Cherry Baekert | $120,000 | $76,592 |
| TOTAL | $390,437 | $219,409 |
| **GRAND TOTAL OF FEES AWARDED AND PAID AND OUTSTANDING** | | $609,846 |

On June 25, 2001, the Trustee filed her motion seeking authority to settle and compromise the Disgorgement Motions (the "Trustee's Settlement Motion") for a cash payment by the Professional Firms and supplemented by the Bonati Group, in the aggregate amount of $260,000, together with the withdrawal of all further claims for compensation in this case. The cash payment amount set forth in the Trustee's Settlement Motion represents two-thirds of the fees paid to the Professional Firms, and together with the withdrawn amounts it represents almost 80% of the fees incurred by the Professional Firms in this case. The Trustee's Settlement Motion was supported by the Malpractice Claimants, by the Bonati Group, and by the Professional Firms.

The United States Trustee did not support the Trustee's Settlement Motion in the form filed, taking the position that the amounts to be disgorged were insufficient in light of the gravity of the disclosure failures and apparent conflicts of interest by the Professional Firms. Accordingly, and as a result of further negotiations conducted immediately prior to the hearing, the Trustee announced a modification of the Trustee's Settlement Motion under which the cash payment by the Bonati Group and the Professional Firms would increase from $260,000 to $320,000, with the firms continuing to withdraw any further request for compensation from the estate. The United States Trustee supported the settlement in the revised amount, which represents the disgorgement of 82% of the fees paid to the Professional Firms, and together with the amounts withdrawn represents a total

1. These figures include amounts as to which fee awards have been made but which have not been paid, together with amounts in pending fee applications and which are not yet the subject of pending fee applications. The figures also include out-of-pocket costs advanced by the professional firms for the benefit of the Debtor.

compensation disallowance of 88% of the fees incurred by the Professional Firms.

Since her appointment as chapter 7 trustee in September 2000, the Trustee operated the Debtor's business and successfully negotiated a settlement of all disputes between the Malpractice Claimants and the Debtor and the Bonati Group. On the basis of that settlement, which was documented in a Settlement Agreement (the "Settlement Agreement") filed with the Court, the Trustee moved to reconvert the case to a case under chapter 11. All parties in interest consented, subject to the proviso that the Court direct the United States Trustee to appoint a chapter 11 trustee. The Court did so, and the United States Trustee renewed the appointment of the chapter 7 trustee to serve as Trustee in the reconverted case under chapter 11.

Fee disputes are among the most distasteful matters with which a bankruptcy court must contend. The Disgorgement Motions have been highly contentious and have materially distracted from the parties' overall goal of confirming a chapter 11 plan which implements the Settlement Agreement. Because the Disgorgement Motions pose a significant roadblock to that aim, and because the Trustee's Settlement Motion appears likely to assist in the chapter 11 process, the Trustee's Settlement Motion is very attractive to the Court. One could quibble about precise amounts to be disgorged, but taking into account the background of this case, its current posture, and the very substantial amounts which are being forfeited here, the Court concludes that the Trustee's Settlement Motion, as modified in open Court, should be approved. For this reason, and for the other reasons stated on the record in open Court, the Court will approve the Trustee's Settlement Motion as modified.

In light of this approval of the Trustee's Settlement Motion, the Court will deny as moot the Seventh Application to Approve Interim Compensation to Accountant for Debtor, Cherry Baekert (Docket # 795), the Eighth and Final Application to Approve Compensation to Former Accountant, Cherry Baekert (Docket # 1092), and the Final Application for Compensation by Cummings & Lockwood (Docket # 1001). The Court will also deny as moot the United States Trustee's motions for a continuance of the hearing and to compel discovery and for sanctions in connection with discovery matters, both filed June 26, 2001. ACCORDINGLY, IT IS

ORDERED, ADJUDGED AND DECREED:

1. The Trustee's Settlement Motion, as modified in open Court, is hereby GRANTED.

2. The Professional Firms and the Bonati Group are hereby directed to pay to the Trustee as a sanction for the Professional Firms' failures to comply with § 327 of the Bankruptcy Code and Rule 2014 the aggregate sum of $320,000. The Professional Firms are directed to pay their respective portions of the disgorgement amount within twenty days of the date of this Order. The Bonati Group is directed to pay its portion of the disgorgement amount as part of further monthly payment(s) to be made by the Bonati Group under the terms of the Settlement Agreement.

3. The Trustee shall keep the amounts contributed by each of the Professional Firms and the Bonati Group confidential except in the event of a default in the timely making of any such payment, in which event the Trustee is directed to report such default and to seek such relief from this Court and in such form as the

Trustee deems appropriate in the circumstances.

4. The Disgorgement Motions are hereby granted in part on the grounds stated herein and are denied to the extent that such motions sought relief other than that granted herein.

5. The Seventh Application to Approve Interim Compensation to Accountant for Debtor, Cherry Baekert (Docket # 795), the Eighth and Final Application to Approve Compensation to Former Accountant, Cherry Baekert (Docket # 1092), and the Final Application for Compensation by Cummings & Lockwood (Docket # 1001) are hereby DENIED as moot. The Court will consider no further or additional applications for compensation in connection with this case from any of the Professional Firms.

6. The United States Trustee's motions for a continuance of the hearing and to compel discovery and for sanctions in connection with discovery matters, both filed June 26, 2001, are hereby DENIED as moot.

7. Any party in interest who objects to the relief granted herein may object to the terms hereof by filing a written motion with the Clerk of this Court within 15 days of the date hereof. In the event that no such objection is filed, this Order shall be deemed as a final order of the Court.